UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEVEN LESLIE BOYT,

    Petitioner,

v.

Case No. 1:07-cv-553
Hon. Gordon J. Quist

CAROL HOWES,

    Respondent.

_____/

**REPORT AND RECOMMENDATION**

Petitioner, Steven Leslie Boyt,, a prisoner currently incarcerated at a Michigan correctional facility, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**I.    Background**

On October 10, 2005, petitioner was convicted of the misdemeanor of stalking, M.C.L. § 750.411h, after a bench trial held in the 52-3 District Court. *See People v. Steven Leslie Boyt*, No. 05-007520 (52-3 Dist. Ct. Oct. 10, 2005) (Trial Trans.) (docket no. 20-2 at pp. 52-109). Immediately after trial, the district judge sentenced petitioner to 90 days in jail, with credit for 60 days served. Trial Trans. at pp. 55-56. Petitioner did not appeal the conviction.

On May 26, 2006, a jury convicted petitioner of the felony of aggravated stalking, M.C.L. § 750.411i(2)(d). *People v. Steven Leslie Boyt*, No. 272728 (Mich. App. Jan. 8, 2008) (docket no. 37); Trial Trans. II (docket no. 48). The aggravated stalking conviction was based in part, on petitioner's October 10, 2005 misdemeanor conviction. *People v. Steven Leslie Boyt*, No. 272728, slip op. at p.3. *See* M.C.L. § 750.411i(2) ("An individual who engages in stalking is guilty of aggravated stalking if the violation involves any of the following circumstances . . . (d) The

individual has been previously convicted of a violation of this section or section 411h"). On June 13, 2006, the court sentenced petitioner as a fourth habitual offender, M.C.L. § 769.12, to a prison term of 18 months to 15 years. Sent. Trans. at pp. 6-7 (docket no. 49); *People v. Steven Leslie Boyt*, No. 272728, slip op. at 1.

Petitioner subsequently filed a motion in the 52-3 District Court for relief from the misdemeanor stalking conviction pursuant to MCR 6.500 *et seq*. The district court denied the motion as improper, because such motions are not allowed in district court cases. *People v. Steven Leslie Boyt*, No. 05-007520 (Opinion and Order) (Dec. 29, 2006) (docket no. 1-5). The court further determined that an appeal of right was not available to petitioner under the applicable Michigan Court rules because more than 21 days had expired since the entry of judgment. *Id.*

Boyt filed his petition for habeas corpus relief in this court on June 8, 2007. *See* docket no. 1. The court granted petitioner's motion to voluntarily dismiss the petition on July 20, 2007. *See* Order (docket no. 9). The case was re-opened on November 9, 2007, and petitioner filed an amended petition the on December 3, 2007. *See* Amend. Pet. (docket no. 20). In the amended petition, Boyt advised the court that he is currently serving a sentence for aggravated stalking which was enhanced by the challenged misdemeanor conviction. *Id.* at ¶ 19. Petitioner then raised the following challenges to his October 2005 misdemeanor conviction (in his words):

I. The court violated my right to appeal and my constitutional right to have counsel appointed to represent me if I could not afford one.

II. Trial counsel violated the defendant's constitutional right to the effective assistance of counsel by failing to provide a defense.

III. The prosecutor failed to disclose exculpatory evidence.

IV. Prosecutor did not provide sufficient evidence to convict the petitioner, violation of his due process rights.

2

V. Prosecutor engaged in misconduct by failing to correct to testimony of two witnesses which the prosecutor knew or should have known was false.

Amend. Pet. at pp. 6-11 and 15.

## II. Discussion

### A. Subject matter jurisdiction

The purpose of the writ of habeas corpus is to free individuals from wrongful restraints upon their liberty. *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Title 28 U.S.C. §§ 2241(c)(3) and 2254(a) provide that a § 2254 habeas petition may be filed when a person is "in custody" for that conviction "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §§ 2241(c)(3) and 2254(a). An applicant for habeas corpus relief must be "in custody" when the petition is filed in order to vest the court with jurisdiction to grant a petition for a writ of habeas corpus. *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989); *see also* 28 U.S.C. §§ 2241(c)(3) and 2254(a).

When a petitioner's sentence for a conviction has fully expired, the conviction may not be directly challenged because the petitioner is no longer "in custody" pursuant to that conviction. *Lackawanna County Dist. Attorney v. Coss*, 532 U.S. 394, 401 (2001); *Daniels v. United States*, 532 U.S. 374, 381-84 (2001). A petitioner satisfies the "in custody" requirement by directly attacking a sentence that he is currently serving. *Lackawanna*, 532 U.S. at 401-02. The 90-day sentence for petitioner's October 10, 2005 misdemeanor stalking conviction expired on or about November 9, 2005, when petitioner completed the remaining 30 days of his sentence. Petitioner, therefore, is in custody only pursuant to the subsequent felony conviction for aggravated stalking. Because Petitioner is no longer "in custody" pursuant to the October 10, 2005 conviction, he may

3

not directly attack that conviction through the instant habeas petition. *See* 28 U.S.C. § 2254(a); *see also Lackawanna*, 532 U.S. at 401. As a result, this court lacks subject matter jurisdiction to consider petitioner's challenge to his misdemeanor conviction in his application for habeas corpus relief.

Petitioner contends that his case falls within an exception to this rule, because the underlying misdemeanor conviction was obtained in the absence of counsel in violation of the Sixth Amendment. *See Lackawanna*, 532 U.S. at 404; *Daniels*, 532 U.S. at 382. Specifically, petitioner contends that this exception should apply because the district court failed to advise him of his right to appeal or his right to the appointment of appellate counsel. Petitioner's claim is without merit. Petitioner was represented by counsel at trial and at sentencing. *See People v. Steven Leslie Boyt*, No. 05-007520 (52-3 Dist. Ct. Oct. 10, 2005) (Trial Trans.) (docket no. 20-2 at pp. 52-109). When petitioner was convicted of the misdemeanor, the Michigan Court Rules did not require a state district court judge to advise a defendant at sentencing of either his right to appeal or his right to counsel on appeal. *See* MCR 6.610(F) (eff. April 1, 2001).[1]

Petitioner neither attempted to appeal the conviction nor requested counsel to assist in an appeal. Under these circumstances, the Sixth Amendment exception identified in *Lackawanna*

---

[1] MCR 6.610(F) was amended on January 23, 2007 to require the district court judge, immediately after imposing a sentence of incarceration, to advise the defendant on the record or in writing that:

(a) if the defendant wishes to file an appeal and is financially unable to retain a lawyer, the court will appoint a lawyer to represent the defendant on appeal, and

(b) the request for a lawyer must be made within 14 days after sentencing.

This amendment "ensures that indigent defendants who are convicted in district court and sentenced to terms of incarceration, are aware of their right to counsel pursuant to *Halbert v. Michigan*, 545 US 605 (2005), and *Shelton v. Alabama*, 535 US 654 (2002)." *See* Staff Comment to 2007 Amendment to MCR 6.610.

does not apply. *See, e.g., Smith v. Hudson*, No. 5:06-cv-2959, 2008 WL 2079386 at *4 (N.D. Ohio May 15, 2008) (the Sixth Amendment exception does not apply where the petitioner entered a no contest plea in a misdemeanor, was represented by counsel at the time, and did not subsequently request appellate counsel; no law required an Ohio court to *sua sponte* appoint counsel without a request being made). While petitioner contends that he was not aware of the steps to appeal the 2005 conviction, "ignorance of the law is not a sufficient justification for invoking the [Sixth Amendment] exception" under *Lackawanna* and *Daniels*. *Garrison v. Wolfe*, 1:01-cv-531, 2008 WL 2559251 at *1 (W.D. Mich. June 23, 2008), citing *United States v. Baker*, 197 F.3d 211, 218-19 (6th Cir.1999) ("to allow an ignorance of the law excuse would encourage and reward indifference to the law") and *Hannah v. Conley*, 49 F.3d 1193, 1197 (6th Cir.1995) (*pro se* status and ignorance of the law did not excuse petitioner's failure to raise claims in state courts).

### B. Procedural default

Even if petitioner was in custody under the Sixth Amendment exception expressed in *Lackawanna*, and this court had subject matter jurisdiction, his claims would be procedurally defaulted. Where "a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). A procedural default "provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas corpus review of the defaulted claim, unless the petitioner can demonstrate cause and prejudice." *Gray v. Netherland*, 518 U.S. 152, 162 (1996). Not every state procedural

5

rule will warrant application of the procedural default doctrine. Only a procedural rule that was "'firmly established and regularly followed' by the time as of which it [was] to be applied," *Ford v. Georgia*, 498 U.S. 411, 424 (1991), will support application of the doctrine. "For a habeas claim to be procedurally defaulted on the basis of a state procedural rule, the petitioner must have violated a procedural rule, but the state court must also have based its decision on the procedural default." *Simpson v. Jones*, 238 F.3d 399, 407 (6th Cir. 2000).

As previously discussed, petitioner did not appeal his 2005 misdemeanor conviction as allowed under Michigan law. For this reason, his habeas claims are procedurally defaulted for purposes of federal habeas review. Habeas review of a procedurally defaulted claim is precluded unless petitioner can demonstrate "cause for the default and actual prejudice as a result of the alleged violation of federal law," or that a failure to consider the claims will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 750. "[T]he existence of cause for a procedural default must turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Petitioner does not assert any cause for his procedural default of these issues, other than to state that he was unaware of his ability to appeal the district court conviction. *See* Motion for Miscellaneous Relief (docket no. 1-2) ("I Steven Boyt did not know until June of 2006 that I could appeal a [misdemeanor] conviction"). However, petitioner's ignorance of the law is insufficient to establish cause to excuse a procedural default. *Bonilla v. Hurley*, 370 F.3d 494, 498 (6th Cir. 2004).

Petitioner's failure to demonstrate cause prevents federal review of his habeas claims unless the court's failure to do so will result in a "fundamental miscarriage of justice." *Coleman*,

501 U.S. at 750. In *Schlup v. Delo*, 513 U.S. 298, 321 (1995), the Supreme Court described the scope of the fundamental miscarriage of justice exception:

> To ensure that the fundamental miscarriage of justice exception would remain "rare" and would only be applied in the "extraordinary case," while at the same time ensuring that the exception would extend relief to those who were truly deserving, the Court explicitly tied the miscarriage of justice exception to the petitioner's innocence.

To meet the threshold requirement for actual innocence, a petitioner must persuade the court "that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* at 329. In the procedural default context, "'actual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623-24 (1998). "To be credible, such a claim [of actual innocence] requires petitioner to support his allegations of constitutional error with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial." *Schlup*, 513 U.S. at 324. Petitioner offers no such new evidence that he is actually innocent of the crimes for which he was convicted. He has failed to meet the fundamental miscarriage of justice exception. Accordingly, even if the court had subject matter jurisdiction, petitioner's habeas claims would be procedurally barred and not subject to habeas review.

### III. Recommendation

I respectfully recommend that petitioner's habeas petition be **DENIED**. Rule 8, Rules Governing § 2254 Cases in the United States District Courts.


Dated: October 28, 2010                     /s/ Hugh W. Brenneman, Jr.
                                            HUGH W. BRENNEMAN, JR.
                                            United States Magistrate Judge


ANY OBJECTIONS to this Amended Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).